with thin spread out a little bit. Our next case is Robert Hunt versus the Secretary of Veterans Affairs, 2009, 7134, Ms. Gerard-Grady. May it please the court, Virginia Gerard-Grady appearing on behalf of Mr. Hunt. In this case, Mr. Hunt is asking the court to specifically examine the language of 71, I'm sorry, 38 U.S.C. 7104 subsection D with respect to the board's obligation to provide reasons or bases for its decisions in veterans' cases as to all material issues of fact and law that are presented on the record. Mr. Hunt would suggest that this is an important obligation in the system in particular because of the claimant-friendly nature of the, we have the, because of the claimant's nature, claimant-friendly nature of the system and the element, the equipoise doctrine that exists in this case and the benefit of reasonable doubt that is due to the veteran which is why it makes it that much more important for the board to provide substantial reasons and bases particularly when it is rejecting evidence that is otherwise favorable to the veteran and might place the evidence into equipoise. Is there any interpretation of section 7104 D1 involved in this case? Well, that's specifically what I'm asking. What I'm asking the court to say is that the reasons or bases requirement is not simply, it's not simply that the court, any reasons or bases are sufficient, that those reasons or bases have to be more than just a reason, any reason at all, that there has to be legal sufficiency, that they have to be factually reliable, that that reason has to be supported. I mean, is there any debate about that? Isn't the question here really whether the facts, you know, carry the day for your client? It's a question of the application of the law that everyone understands to the facts at hand? I understand, yeah, that there's a jurisdictional issue here with respect to whether or not and I understand what the court's jurisdiction is with respect to veterans' cases. I mean, it just looks like an end run around the limitation on our jurisdiction. And if you prevail on this theory, then any case could come to us and we could review whether there was factual sufficiency, right? Well, I can respect that. Our position would be that we're looking, I think, also for some guidance from the court as to the court's responsibility to ensure that the board does provide those reasons and bases. And in this case, there was at the court the argument. But what's the answer to my question? Why is this different from any other case? Doesn't this just provide a mechanism for doing an end run on our jurisdictional limitation? By saying, oh no, I'm not asking you to decide the facts. I'm asking you to interpret the reasons and bases required. Why is this different from any other case where there's a factual dispute? What I would say in this case is that in many cases in which reasons or bases is an issue, particularly before the Court of Appeals for Veterans' Claims, the question is usually whether or not the board has adequately addressed evidence in the record and whether it discussed all the favorable evidence. In this case, what we have was a situation where the board gave reasons for its rejection of this evidence. The court did not specifically address those reasons. Basically, the court's decision in this case accepted those reasons at face value. And what I'm asking the court to say, this court, is to interpret 7104B to require more than just accepting whatever reason the board gives as being facially valid, regardless of whether it has... You want us to rewrite the statute? No, I want you to assert that the plain language of the statute meets the language, that that reasons or bases, that that means something, that the reasons or bases that the board provides, it has to be a reason that is supported by something. It has to be an actual reason or bases that will survive legal justification or that will survive a challenge on the record. Survive a challenge on the record? That sounds like reviewing facts. Well, that's what the statute requires, is that its reasons or bases based on the material issues of fact and law provided by the record. So yes, it's a factual question. Are you saying that more of an explanation is required? Yes, Your Honor. What I would say is that it's more than just a reason that doesn't have a basis in the record. This case provides an example. This sounds like classic question of fact, that you're saying, your reason doesn't comport with the way I think the facts should have been interpreted. So you didn't state a good enough reason, i.e. you didn't state the reason I want. All right, well, I think this case provides an illustration. And the illustration here is that one of the reasons that the board gave was that it found that the opinion that it rejected was inartfully worded. It didn't really explain why that was or what it found to be confusing about that particular opinion. The other reason that the board gave was that it found that the opinion that it rejected did not provide a rationale. Well, the reason I cited to the entire opinion in the record, that medical opinion, was because there was a rationale. And in fact, the rationale was no different, principally, than the ones from the negative opinions. Finally, the board basically said that it rejected the favorable evidence because it was inconsistent with the negative evidence. Which basically means that, well, this medical expert disagreed with this medical expert, and so we're going to reject it upon that basis. But again, isn't that their assessment of the record? They're evaluating the evidence. They find this is more probative than this. That's the application of law to fact over which we have no jurisdiction. Well, and the CAVC, in fact, said it's a finding, in fact, within the bailiwick of the board, and so there's nothing we can do about that. And so I would say at that point, then, that if the board gives any reason whatsoever, the court must accept it. The court doesn't have any ability to actually review that finding. I mean, the court does have review. We, in fact, argued, or I, in fact, argued at the court, that these were arbitrary and capricious reasons and bases, and essentially what the court did in this case is they gave a reason. We're sorry that you don't like it, but there was no actual analysis or no discussion by the court that actually addressed that. And so the argument here is that 7104D does mean something, that the reasons given by the board have to be more than just whatever reason, and that the court has more of an obligation or responsibility to make sure that those reasons stand up. And that is the legal issue. It's the manner in which the court is going to review those reasons and bases, perhaps. And what does that mean? What does that mean for the court when the CAVC evaluates the reasons by the board? What does it mean? Can you provide the court with some guidance as to whether or not what it has to accept? I mean, is the court just entitled to accept whatever reasons no matter what? Because at that point, then, I would suggest that maybe judicial review in this area, well, maybe we don't have it. Because if the court's going to say, well, whatever they say, we can't do anything about it, I would say, well, then that would be a problem. This may be an argument better presented to Congress than to this court. And that's highly possible, yeah. All right. I have nothing else here. We'll save your rebuttal time if you wish to use it. Mr. Yerowatakar? Thank you, Your Honor. May it please the court. Mr. Hunt's appeal should be dismissed for lack of jurisdiction or in the occurrence of the Veterans Court's judgment should be affirmed. Turning first to the issue of jurisdiction, as the court's questions have indicated, this is, in effect, an end run around the jurisdictional limitation against this court's review of the application of law to fact. This court, in the Cook case, has previously addressed a similar situation. In that case, there was a question of whether the Veterans Court properly applied section 7104 D1 to the board's reasons and bases for its evidentiary rulings. And this court concluded that it was beyond this court's jurisdiction because it was an application of law to fact. Exactly the same situation prevails here. Accordingly, the case should be dismissed for lack of jurisdiction. The appellant attempts to get around that limitation by arguing that it is, in fact, an interpretation of the section 7104 D1 that he is challenging. But in fact, the interpretation that the Veterans Court itself enunciated is the same interpretation that Mr. Hunt advanced in his brief. So there really is no distinction between those two positions. Finally, with respect to the rest of the arguments that have been advanced by Mr. Hunt, they are all either applications of law to fact or direct attacks against the board's weighing of the evidence, which is, again, beyond this court's jurisdiction because it is a matter of fact. Therefore, why did you say, alternatively, we should affirm? Well, Your Honor, we do like to win cases. But the truth is that if this court were to exceed its jurisdiction and to actually engage in the exercise that Mr. Hunt requests, then one would find that there is no distinction between the interpretation of 7104 D1 that was enunciated by the Veterans Court and the one that was applied by the Veterans Court. So there is no error, even if one were to address the question. For the foregoing reasons and the reasons in our brief, we'd respectfully request that the appeal be dismissed. Thank you. No one is ever penalized for not using all their time. I appreciate that, Your Honor. Ms. Gerard-Brady, do you have any rebuttal? No, Your Honor, unless the court has any more questions, I'll waive my rebuttal time. Thank you. We will take the case under advisement. Thank you.